IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN J. BURTNER,<br>　　　　　　Plaintiff<br><br>　vs.<br><br>TOM WALTON, Westmoreland County<br>Prison Warden; ED KELEWSKI,<br>Supervisor of Medical; LT. HOSTOFER,<br>"et al"; WESTMORELAND COUNTY<br>PRISON,<br>　　　　　　Defendants | )<br>)<br>)<br>) Civil Action No. 09-392<br>) Judge Joy Flowers Conti<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

On September 16, 2010, Shawn J. Burtner ("Burtner") filed a pro se civil rights complaint (ECF No.6) alleging that his Eighth Amendment rights were violated when he was subjected to excessive use of force and denied medical treatment during his incarceration at Westmoreland County Prison. On July 1, 2010, this court issued an order [ECF No. 22] giving Burtner until August 30, 2010 to respond to the defendants' motion to dismiss, or, in the alternative, for summary judgment [ECF No. 20]. Burtner was also directed to file, no later than August 4, 2010, an election form, sent to him with a copy of the order, indicating whether he consented to proceed before a magistrate judge, or preferred to have a district judge assigned to his case. Burtner failed to respond to the defendants' motion or to file the election form.

On September 7, 2010, the court issued an Order to Show Cause why this matter should not be dismissed for Burtner's failure comply with the court's order to respond to the defendant's motion, and to file the required election form. The Show Cause Order had a return date of

September 17, 2010. Burtner has not responded to this Order.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the court must consider the following six factors set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984):

(1) The extent of the party's personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

Factors one, three, and four relate to Burtner's failure to comply with this court's orders, and weigh heavily against him. Responsibility for failing to respond to the defendants' motion and to file the required election form lies solely with Burtner. His failure to comply with or respond to the court's orders appears to constitute willful and dilatory conduct. The second factor - the prejudice caused to the defendants - is not, at this point, critically significant, although they certainly have a very real interest in having the allegations against them expeditiously resolved. Factor six- the meritoriousness of the claim - should be weighed as neutral. The final relevant factor is the effectiveness of a sanction other than dismissal. Since Burtner was granted leave to proceed in forma pauperis, it does not appear that monetary sanctions would be effective. Moreover, his failure to submit a response to the court's orders supports the conclusion that he has no serious interest in pursuing this case. Thus, the Complaint in this matter will dismissed,

since no other sanction will serve justice. See Mindek, supra; Titus v. Mercedes Benz of N. Am., 695 F.2d 746 (3d Cir. 1982).

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United District Judge

Dated: October 22, 2010

cc: All Counsel of Record via CM-ECF

Shawn J. Burtner
2704 Cleveland Street
McKeesport, PA 15132